# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DARWIN NATIONAL ASSURANCE COMPANY and DARWIN NATIONAL ASSURANCE COMPANY as assignee of Frank M. Gatti, M.D.,

        Plaintiff,

vs.

THE DOCTORS COMPANY,

        Defendant.

CIVIL ACTION NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Darwin National Assurance Company and Darwin National Assurance Company as assignee of Frank M. Gatti, M.D., for its causes of action against Defendant The Doctors Company states as follows:

## PARTIES

1. Plaintiff Darwin National Assurance Company ("Plaintiff"), is a Connecticut corporation engaged in the business of insurance with a principal place of business in Connecticut.

2. Plaintiff was the underwriter for an insurance policy issued by Platte River Insurance Company to Frank M. Gatti, M.D. ("Dr. Gatti").

3. Defendant The Doctors Company ("Defendant"), is a corporation engaged in the business of insurance, is authorized to transact business, and has transacted business, in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

**A.**     **The Platte River Policy**

4. Platte River Insurance Company issued a Psychiatrists' Professional Liability Policy to Frank M. Gatti, M.D., for the period of October 1, 2007 to October 1, 2008 (the "Platte River Policy"). A copy of the Platte River Policy is appended hereto as **Exhibit ("Ex.") 1**.

5. Darwin National was the underwriter for the Platte River Policy, and therefore, was the entity that was contractually and economically at risk under said policy.

1

6.      The Platte River Policy is a claims made and reported insurance policy.

7.      The Platte River Policy has limits of $1,000,000 per claim and for all related claims.

8.      The Platte River Policy only applies to claims first made against Dr. Gatti during the Policy Period.

9.      The Platte River Policy does not cover Wrongful Acts or Occurrences prior to the Policy's October 1, 2004 Retroactive Date.

10.     The Platte River Policy includes the following provision affecting coverage:

> A **Claim** covered under this Policy may also be covered under another policy **You** have.  In that event, this Policy will apply only in excess of such other coverage, no matter how other coverage is described.  This clause will not apply to coverage which is expressly stated to apply in excess of this specific Policy.

## B.    The Doctors Company Policy

11.     Defendant issued a Psychiatrists' Professional Liability Policy to Frank M. Gatti, M.D., for the period of October 1, 2003 to October 1, 2004 ("The Doctors Company Policy" or "Defendant's Policy").   A copy of The Doctors Company Policy is appended hereto as **Ex. 2**.

12.     The Doctors Company Policy has a limit of $1,000,000 per Claim.

13.     The Doctors Company Policy includes the following insuring agreement:

> **WE** will pay on **YOUR** behalf, and subject to **OUR** Limit of Liability, amounts **YOU** are legally required to pay to others as judgments or settlements as the result of any *Claim* against **YOU** for **YOUR** *Wrongful Acts* ….  The *Wrongful Act* must be in the conduct of **YOUR** profession as a psychiatrist and must take place during the *Policy Period*.

14.     The Doctors Company Policy further provides that:

> All *Claims* arising from the same *Wrongful Act* or *Occurrence* or from continuous, repeated or related *Wrongful Acts* or *Occurrences* will be treated as one *Claim*.  Such *Wrongful Act* or *Occurrence* will be considered to have occurred when the first of such same *Wrongful Acts* or *Occurrences*, or such continuous, repeated or related *Wrongful Acts* or *Occurrences* took place during this *Policy Period*. These *Claims* shall be subject to all provisions of this Policy,

2

including the Limit of **OUR** Liability for this *Policy Period* and not for any other *Policy Period*.

15.     The Doctors Company Policy defines "Wrongful Act" as "any actual or alleged negligent act, error, or omission, … or actual or alleged failure to perform, professional services for others in **YOUR** profession as a psychiatrist."

16.     The Doctors Company Policy includes the following provision affecting coverage:

> A *Claim* covered under this Policy may also be covered under another Policy **YOU** have.  In that event, this Policy will apply only in excess of such other coverage, no matter how other coverage is described.  This clause will not apply to coverage which is expressly stated to apply in excess of this specific Policy.

## C.     The Underlying Lawsuit

17.     On October 18, 2007, David Murphy filed a civil action against Dr. Gatti and others in the Suffolk Superior Court, Civil No. 07-4569-E (the "Lawsuit").  A copy of the Second Amended Complaint and the December 22, 2010 Motion to Further Amend Complaint, which was allowed on February 2, 2011, are appended hereto as **Ex. 3**.

18.     According to the Complaint, Haleigh Poutre, now known as Haleigh Arnett ("Haleigh"), suffered numerous and severe injuries from 2002 to September 2005. **Ex. 3**.

19.     Haleigh claims to be disabled and to require full-time care for the rest of her life.

20.     According to the Complaint, Haleigh's injuries were caused by the negligence of her social worker(s), medical provider(s) and/or mental health provider(s), including Dr. Gatti. **Ex. 3**.

21.     The Complaint set forth a claim against Dr. Gatti for negligence in his care and treatment of Haleigh while an employee of The Carson Center for Human Services, Inc. ("The Carson Center"), including the period Dr. Gatti was insured by Defendant. **Ex. 3**.

22.     According to the Complaint, Haleigh's social worker(s) and/or medical and mental health providers, including employees of The Carson Center, were informed and/or observed that Haleigh suffered a number of injuries during the time period from 1999 to September 7, 2005, a period during which Dr. Gatti was insured by the Defendant. **Ex. 3**.

23.     In the Lawsuit, it was alleged that Dr. Gatti was negligent in: (1) failing to adequately consider and recommend steps necessary to keep Haleigh safe, regardless of the source of her many injuries; (2) failing to file mandated reports to the Massachusetts Department of Social Services; and (3) failing at all significant times

34074528 0918725

to recommend a residential placement for Haleigh. *See* **Ex. 3**. The events occurred during the time the Defendant insured Dr. Gatti.

C.    **The Defense and Settlement on Behalf of Dr. Gatti**

24.    Plaintiff and Defendant split the costs of Dr. Gatti's defense against the Lawsuit, under the above-referenced insurance policies, using one defense attorney.

25.    On October 8, 2010, a demand was made on Dr. Gatti for payment to settle all claims against him.

26.    The demand referred to conduct during The Doctors Company Policy period which was alleged to be negligent and to have caused injuries to Haleigh.

27.    The demand claimed significant economic damages based on a lifecare plan and economist evaluation.

28.    On January 5, 2011, Dr. Gatti, through his personal counsel, advised Plaintiff and Defendant of his position that Dr. Gatti was entitled to coverage under both the Platte River Policy and The Doctors Company Policy and demanded that Plaintiff and Defendant settle the case.

29.    Plaintiff advised Defendant of Plaintiff's position that The Doctors Company Policy afforded sole coverage for any acts or omissions by Dr. Gatti prior to October 1, 2004 and concurrent coverage for any acts or omissions by Dr. Gatti from October 1, 2004 through September 2005, and that Defendant, therefore, was obligated to pay a portion of the settlement.

30.    Defendant was given the opportunity to contribute towards the settlement of the claims against Dr. Gatti.

31.    Defendant was given the opportunity to object to settlement of the claims against Dr. Gatti.

32.    Defendant was given the opportunity to object to the settlement amount.

33.    Defendant never objected to the settlement of all claims against Dr. Gatti for the settlement amount.

34.    Defendant never took the position that the settlement amount was unreasonable.

35.    Defendant never took the position that settlement and/or the settlement amount was not appropriate because the liability of Dr. Gatti was not reasonably clear.

36.    Defendant refused to contribute towards the settlement of the claims against Dr. Gatti.

34074528  0918725

37.   On January 13, 2011, David Murphy as Conservator of Haleigh, on behalf of himself and Haleigh's Estate, executed a General Release of All Claims against Dr. Gatti and The Doctors Company.

38.   No reasonable insurer would have refused to settle the claims against Dr. Gatti for the confidential settlement amount identified in the General Release of All Claims.

39.   On March 17, 2011, Plaintiff issued a check for the entire settlement amount for Dr. Gatti.

40.   Dr. Gatti provided Darwin National with an assignment of all his rights against the Defendant arising out of the Defendant's refusal to pay its share of the settlement of the Claims asserted by David Murphy as Conservator of Haleigh, on behalf of himself and Haleigh's Estate.

<u>COUNT I</u>
**Darwin National v. The Doctors Company – Equitable Contribution / Equitable Subrogation**

41.   Plaintiff repeats and incorporates herein by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

42.   Pursuant to The Doctors Company Policy, Defendant was required to pay on behalf of Dr. Gatti all amounts that Dr. Gatti was legally required to pay to others as settlements as the result of any Claim against Dr. Gatti for his Wrongful Acts in the conduct of his profession as a psychiatrist that took place during the Policy Period of October 1, 2003 to October 1, 2004. **Ex. 2**, Section I.A.

43.   Dr. Gatti first provided psychiatric evaluation, care and/or treatment of Haleigh on April 15, 2004, during the Policy Period of Defendant's Policy.

44.   Thereafter, Dr. Gatti provided "continuous, repeated or related" psychiatric services to Haleigh during 2004 and 2005.

45.   Pursuant to Defendant's Policy Section IV.C., such continuous and repeated acts and omissions relating to Dr. Gatti's psychiatric evaluation, care and treatment of Haleigh are treated as one (1) Claim.

46.   Pursuant to The Doctors Company Policy Section IV.C., the acts and omissions which are the basis of such Claim are deemed to have occurred when the first of such wrongful acts or omissions, or when such continuous, repeated or related wrongful acts or omissions took place during the Policy Period of Defendant's Policy.

47.   Defendant's Policy provides exclusive coverage for Dr. Gatti's alleged wrongful acts and omissions prior to October 1, 2004 because the Plaintiff's Policy does not

5

cover Wrongful Acts or Occurrences prior to the Platte River Policy's October 1, 2004 Retroactive Date.

48.     Defendant's Policy provides concurrent coverage with the Plaintiff's Policy for Dr. Gatti's alleged wrongful acts and omissions from October 1, 2004 to September 7, 2005 because these were "continuous, repeated or related wrongful acts or omissions" to the acts or omissions during October 1, 2003 to October 1, 2004.

49.     On March 17, 2011, Plaintiff paid the entire settlement amount identified in the General Release of All Claims against Dr. Gatti and The Doctors Company, discharging the full liability of Dr. Gatti and Defendant.

50.     Defendant wrongfully refused to contribute towards the settlement of the covered claim against Dr. Gatti.

51.     Plaintiff fulfilled an obligation that belonged to Defendant under The Doctors Company Policy issued to Dr. Gatti.

52.     Plaintiff is entitled to reimbursement or contribution from Defendant towards the settlement amount in the amount of Defendant's share of liability.

WHEREFORE, Plaintiff Darwin National demands a judgment that The Doctors Company Policy covers all claims asserted against Dr. Gatti in the underlying Lawsuit, that Defendant was obligated to contribute towards the reasonable settlement of such claims and that Defendant is obligated to reimburse Plaintiff for Plaintiff's satisfaction of Defendant's liability, plus costs, interest and expense of this action and any other damages the Court or a jury deems just.

## <u>COUNT II</u>
### Darwin National and Darwin National as assignee of Frank M. Gatti, M.D.<br>v. The Doctors Company – Violation of M.G.L. c. 93A and 176D

53.     Plaintiff repeats and incorporates herein by reference the allegations in paragraphs 1 through 52 as if fully set forth herein.

54.     No reasonable insurer would have refused to respond to a demand, or to settle the claims against Dr. Gatti, for the confidential settlement amount identified in the General Release of All Claims.

55.     Defendant never took the position that settlement and/or the settlement amount was not appropriate because liability of Dr. Gatti was not reasonably clear, despite having ample opportunity to do so.

56.     Defendant acted in bad faith in denying coverage for, and/or refusing to contribute towards, the settlement of the covered claim against Dr. Gatti.

57.     Defendant's conduct in denying coverage for, and/or refusing to contribute any amount towards, the settlement of the covered claim against Dr. Gatti constitutes an

34074528 0918725

unfair and deceptive trade practice in violation of M.G.L. c. 93A and c. 176D as to Darwin National and as to Dr. Gatti, and was committed knowingly or willfully.

58.     Defendant's conduct in compelling this litigation to recover amounts due under The Doctors Company Policy constitutes an unfair or deceptive trade practice in violation of M.G.L. c. 93A and M.G.L. c. 176D as to Dr. Gatti and Darwin National and was committed willfully or knowingly.

59.     Defendant's conduct caused Plaintiff to pay more than its share of the settlement amount and deprived Dr. Gatti of the benefit of his insurance policy with Defendant, for which he paid valuable consideration.

WHEREFORE, Plaintiff Darwin National and Plaintiff Darwin National Assurance as assignee of Frank M. Gatti, M.D., demands judgment against Defendant The Doctors Company, an award of compensatory and multiple damages, plus costs, interest and expense of this action and any other damages the Court deems just.

## COUNT III
### Darwin National as assignee of Frank M. Gatti, M.D. v. The Doctors Company – Breach of Insurance Contract

60.     Plaintiff repeats and incorporates herein by reference the allegations in paragraphs 1 through 59 as if fully set forth herein.

61.     Dr. Gatti entered into an agreement with Defendant for professional liability insurance coverage as set forth in The Doctors Company Policy.

62.     The insurance contract was supported by valid consideration.

63.     Dr. Gatti performed his obligations under the insuring agreement.

64.     Defendant wrongfully failed to contribute towards the settlement of the covered claim set forth in the underlying Lawsuit.

65.     Defendant breached its contractual obligation to Dr. Gatti to provide indemnity under The Doctors Company Policy for the covered claim set forth in the underlying Lawsuit.

66.     Defendant's breach caused Plaintiff to pay more than its share of the settlement amount and deprived Dr. Gatti of the benefit of his insurance policy with Defendant, for which he paid valuable consideration.

WHEREFORE, Plaintiff Darwin National as assignee of Frank M. Gatti, M.D., demands judgment against Defendant The Doctors Company, an award of compensatory damages, plus costs, interest and expense of this action and any other damages the Court deems just.

**COUNT IV**
**Darwin National as assignee of Frank M. Gatti, M.D. v. The Doctors Company –**
**Breach of Covenant of Good Faith and Fair Dealing**

67.     Plaintiff repeats and incorporates herein by reference the allegations in paragraphs 1 through 66 as if fully set forth herein.

68.     Dr. Gatti entered into an agreement with Defendant for professional liability insurance coverage as set forth in The Doctors Company Policy.

69.     Defendant owed Dr. Gatti a duty to abstain from any conduct which would have the effect of destroying or injuring Dr. Gatti's right to receive the benefits of the insuring agreement.

70.     Defendant breached this duty by wrongfully failing or refusing to contribute towards the settlement of the claim set forth in the underlying Lawsuit, which is covered by The Doctors Company Policy.

71.     Defendant's breach caused Plaintiff to pay more than its share of the settlement amount and deprived Dr. Gatti of the benefit of his insurance policy with Defendant, for which he paid valuable consideration.

WHEREFORE, Plaintiff Darwin National as assignee of Frank M. Gatti, M.D., demands judgment against Defendant The Doctors Company, an award of compensatory damages, plus costs, interest and expense of this action and any other damages the Court deems just.

The Plaintiff demands a jury trial.

34074528  0918725

Respectfully submitted,
DARWIN NATIONAL ASSURANCE
COMPANY and DARWIN NATIONAL
ASSURANCE COMPANY as assignee of
Frank M. Gatti, M.D.,
By its attorneys,


*/s/ David A. Grossbaum*
David A. Grossbaum, BBO #546020
dgrossbaum@hinshawlaw.com
Valerie N. Kloecker, BBO #663883
vkloecker@hinshawlaw.com
Hinshaw & Culbertson, LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000
Fax: 617-213-7001

Date:  December 13, 2011

34074528 0918725